**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - -x    07-CIV- 8915

U2 HOME ENTERTAINMENT, INC.,                 :

        Plaintiff,                          :

        vs.                                 :

                         **COMPLAINT**

NEW MELODY MUSIC, INC. and KAI             :
CAN WANG                                    :

        Defendants.                         :

- - - - - - - - - - - - - - - - - - - -x

Plaintiff U2 Home Entertainment, Inc., by its attorneys Sargoy, Stein, Rosen & Shapiro, for its complaint against New Melody Music, Inc. and Kai Can Wang, states as follows:

### FIRST CAUSE OF ACTION

1. This action arises under the copyright laws of the United States (Title 17, United States Code). Jurisdiction is conferred upon this Court by 28 U.S.C. §1338(a). Venue is proper in this district pursuant to 28 U.S.C. §1400(a).

2. Plaintiff U2 Home Entertainment, Inc. is a corporation duly video outlets in the United States in the form of videocassettes, laser discs, video compact discs ("VCDs")and digital versatile discs ("DVDs").

3. Upon information and belief, at all times material hereto, defendant New Melody Music, Inc. has been and is a corporation duly organized and existing under the laws of the

1

ORDERED, that plaintiff U2 Home Entertainment, Inc. is authorized under the supervision and with the assistance of the United States Marshal on or before October 6, 2007 to take all necessary steps to secure and remove:

a) any and all unauthorized videocassettes, laser discs, video compact discs ("VCD"), digital versatile discs ("DVD"),(VCDs and DVDs may hereinafter be referred to as "videodiscs") and packaging of the motion pictures of which plaintiff holds exclusive distribution rights under copyright including but not limited to those set forth in Exhibit A to the Complaint (a copy of Exhibit A is attached to this Order and the motion pictures listed therein are referred to collectively as "Plaintiff's Motion Pictures"); which, upon visual examination, do not bear the distinguishing characteristics of plaintiff's authorized videocassettes and videodiscs including:

(1)  professional packaging and labeling containing the distinctive art work and trademarks of the distributing company, such as the trademark "TAI SENG ENTERTAINMENT" or "TAI SENG VIDEO MARKETING" or the trademark design for Television Broadcast Limited (Hong Kong); or Plaintiff's trade names CENTURY HOME ENTERTAINMENT, NEW IMAGE AUDIO & VIDEO, TAI SENG ENTERTAINMENT or TAI SENG VIDEO MARKETING;

international copyright conventions is attached hereto as Exhibit A and is incorporated herein by reference.  These motion pictures my hereinafter be referred to as "Plaintiff's Motion Pictures."

6.    Plaintiff or Plaintiff's Licensors has complied with all statutory formalities required by the Copyright Act, including renewals, where required, to maintain the validity of the registered copyrights in Plaintiff's Motion Pictures.

7.    Upon information and belief, Defendants have from time to time within the past three years engaged in or authorized the illegal and unauthorized importation and/or duplication of certain of plaintiff's copyrighted motion pictures.

8.    Upon information and belief, Defendants have from time to time within the past three years unlawfully distributed illegally imported and/or illegally reproduced videocassettes, laser discs, VCDs and/or DVDs of certain of plaintiff's copyrighted motion pictures.

9.    Plaintiff has never authorized Defendants, by license or otherwise, to import, duplicate or distribute such illegally imported and/or duplicated copies.

10.   Defendants' acts, as hereinabove alleged, are infringements of plaintiff's exclusive rights under copyright.

11.   Defendants have continued to infringe said copyrights, and unless temporarily, preliminarily and permanently enjoined by order of this Court, will continue to infringe said copyrights, all to plaintiff's irreparable injury.  Plaintiff is without an adequate remedy at law.

12.   Plaintiff has sustained, and will continue to sustain, substantial injuries, loss and damage to its exclusive rights under copyright in Plaintiff's Motion Pictures, and further has and will sustain damages from the loss of value of its exclusive rights by reason of defendants' conduct.

## SECOND CAUSE OF ACTION

13.   Plaintiff repeats and reballeges the allegation of Paragraphs 1 through __.

14.   Plaintiff previously sued Defendants on two previous occasions for copyright and trademark infringement, U2 Home Entertainment, Inc. v. Super Melody Music, Inc., New Melody Music Inc., Zue Jai Chen and Kai Can Wang, 04-Civ-6140(WHP) and U2 Home Entertainment Inc. v. Music Depot Inc., New Melody Music, Inc., Ting Chen, Kai Z. Wang and Kai Can Wang, 06-Civ-5241(BSJ)(GWG)

15.   In these lawsuits, Order of Seizures were issued resulting in the seizure of approximately 6,457 and 1,762, unauthorized discs from Defendants respectively.  Defendants defaulted in both previous action and plaintiff was awarded $92,250.00 and $687,000.00 and default, respectively, which amount still remains outstanding and unsatisfied.  Further, the Court issued a permanent injunction enjoining defendants from infringing plaintiff's copyrights and trademarks.

16.   Therefore, Defendants have committed all the aforesaid acts of infringement deliberately and willfully, and in violation of the permanent injunction entered in 04-CIV-6140(WHP).

4

### THIRD CAUSE OF ACTION

17.  Plaintiff incorporates by reference the allegations set forth in Paragraphs 2 through ___.

18.  This cause of action arises under the Lanham Act, 15 U.S.C. §1114 and 1125(a).  Jurisdiction is conferred upon this Court by 15 U.S.C. §1121 and 28 U.S.C. §1338(a).

19.  The plaintiff is engaged in interstate commerce in the production, distribution and licensing of copyrighted motion pictures.

20.  Plaintiff is the owner of US Trademark Registration 2,894,529 TAI SENG ENTERTAINMENT with design which was registered on October 19, 2004, which trademark remains in full force and effect.  Previously, plaintiff held the United States Trademark Registration 1,869,343, TAI SENG VIDEO MARKETING INC. which was registered on December 27, 1993.

21.  Defendants have distributed, and offered to distribute to the general public unauthorized videocassettes, laser discs, VDCs and/or DVDs of motion pictures, including but not limited to those listed in Exhibit A.  Many of these copies bear trademarks, tradenames and designations of origin indicating that they originated with plaintiff or Plaintiff's Licensors.  Further, as the purchasing public is aware of plaintiff's rights to distribute certain of Plaintiff's Motion Pictures, Defendants' distribution of unauthorized copies of Plaintiff's Motion Pictures gives the impression that these copies are authorized by

plaintiff, regardless of whether the copies bear plaintiff's trademarks and tradenames.

22. The Defendants' acts violate 15 U.S.C. § 1114 and 1125(a) in that Defendants have knowingly and deliberately used inn commerce counterfeit reproductions and false designation of origin, false and/or misleading description of act and false or misleading representation of fact, including trademarks, words or other symbols tending falsely to describe or represent the same and has caused such goods to enter into commerce. Plaintiff believes that it has been, is and is likely to be damaged by such false descriptions and representations because of the likelihood that the public will be deceived as to the true source, sponsorship or affiliation of defendants; illegal copies.

23. This conduct by Defendants has created and will create confusion among members of the general public and the motion picture industry, and will cause irreparable and immediate injury to plaintiff for which plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff prays for judgment as follows:

1. That Defendants be enjoined permanently from:

(a) importing, duplicating, manufacturing or copying any copyrighted motion picture of which plaintiff is the copyright registrant, assignee or exclusive licensee of videocassette or videodisc rights;

(b) renting, selling, lending, exchanging, trading or distributing any unauthorized videocassettes, laser disc, VCDs and DVDS or other unauthorized copy of any copyrighted motion

picture of which plaintiff is the copyright registrant, assignee
or exclusive licensee of videocassettes, laser discs, VCDs and
DVDs rights or which bears the trademark, tradename or logo of
the plaintiff or Plaintiff's Licensor;

(c)    offering to do any of the acts enjoined in subparagraphs
(a) and (b) above;

(d)    from in any manner infringing or contributing to or
participating in the infringement by others of any of the
copyrights or trademarks in said motion pictures, and from acting
in concert with, aiding or abetting others to infringe any of
said copyrights in any way; and

(e)    using the titles of motion pictures in which plaintiff
owns exclusive rights under copyright, trademarks, tradenames or
logos of plaintiff, in connection with unauthorized
videocassettes, laser discs, VCDs and DVDs in a manner which is
likely to cause confusion as to their source or is otherwise
likely to cause confusion, mistake or deception in connection
with the distribution, advertising, promotion and sale of
videocassettes, laser discs, VCDs and DVDs of motion pictures in
which plaintiff owns exclusive rights under copyright;

2.    That Defendants be required to deliver upon oath, to be
impounded during the pendency of this action, all negatives,
positive film prints, transcriptions, recordings, video masters
or videocassettes, laser discs, VCDs and DVDs film and video
copying machines, held for delivery or under their control, under
whatever name of the subject as may have been affixed thereto, as

are herein alleged to infringe or to have been used to infringe any of the copyrights and trademarks aforesaid; and that Orders of Seizure in respect of the foregoing be issued out of this Court in the manner provided by the Copyright Act, the Lanham Act and the Federal Rules of Civil Procedure; and that at the conclusion of this action, the Court shall order all such material so held to be surrendered to plaintiff or to be destroyed under a Writ of Destruction issued under 17 U.S.C. § 503, whichever shall seem to this Court to be most just and proper;

3.    That, with respect to the first and second causes of action, Defendants be required to pay to plaintiff statutory damages, if plaintiff so elects, of up to $30,000 for each copyrighted work infringed for all infringements with respect to the copyright.  If the Court finds that any infringement was committed willfully, plaintiff prays for statutory damages, if plaintiff so elects, of up to $150,000 for each copyrighted work infringed for all willful infringements with respect to that title;

4.    That with respect to the third cause o action, Defendants be required to account for and pay to plaintiff any and all profits derived by defendants from the distribution of infringing goods and all damages sustained by plaintiff by reason of Defendants' false designations of origin, descriptions and representations;

5.    That Defendants be found to be in contempt of the

permanent injunction entered in U2 Home Entertainment, Inc. v. Super Melody Music, Inc., New Melody Music Inc., Zue Jai Chen and Kai Can Wang, 04-Civ-6140(WHP) and that appropriate sanctions be imposed;

6.   That plaintiff recover its attorneys' fees and costs of suit incurred herein; and

7.   That plaintiff has such other and further relief as this Court deems just and proper.

Dated: ___9/17___, 2007

                        SARGOY, STEIN, ROSEN & SHAPIRO

                        By: _____
                            Harvey Shapiro
                            Attorneys for Plaintiff
                            1790 Broadway, 14TH Floor
                            New York, New York  10019
                            (212) 621-8224

**FORM PA**
UNITED STATES COPYRIGHT OFFICE 

REGISTRATION NUMBER

_____

|     | PA |     | PAU |
|-----|----|----|-----|

EFFECTIVE DATE OF REGISTRATION

| Month | Day | Year |
|-------|-----|------|

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**TITLE OF THIS WORK ▼**

Heart Of Greed – Episodes 1- 20

**PREVIOUS OR ALTERNATIVE TITLES ▼**

溏心風暴

**NATURE OF THIS WORK ▼** See Instructions

MOTION PICTURE WITH CHINESE SOUNDTRACK & SUBTITLES

---

**2**

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**a** NAME OF AUTHOR ▼

TELEVISION BROADCASTS LIMITED 電視廣播有限公司

| Was this contribution to the work a "work made for hire"? | AUTHOR'S NATIONALITY OR DOMICILE Name of Country |
|---|---|
| ☒ Yes  ☐ No | OR { Citizen of ▶ _____ / Domiciled in ▶ HONG KONG } |

**DATES OF BIRTH AND DEATH**
Year Born ▼        Year Died ▼

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes ☒ No
Pseudonymous?  ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼
CO-AUTHOR OF MOTION PICTURE

**b** NAME OF AUTHOR ▼

TVBO PRODUCTION LIMITED

| Was this contribution to the work a "work made for hire"? | AUTHOR'S NATIONALITY OR DOMICILE Name of Country |
|---|---|
| ☒ Yes  ☐ No | OR { Citizen of ▶ _____ / Domiciled in ▶ BERMUDA } |

**DATES OF BIRTH AND DEATH**
Year Born ▼        Year Died ▼

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes ☒ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼
CO-AUTHOR OF MOTION PICTURE

**c** NAME OF AUTHOR ▼

| Was this contribution to the work a "work made for hire"? | AUTHOR'S NATIONALITY OR DOMICILE Name of Country |
|---|---|
| ☐ Yes  ☐ No | OR { Citizen of ▶ _____ / Domiciled in ▶ _____ } |

**DATES OF BIRTH AND DEATH**
Year Born ▼        Year Died ▼

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼

---

**3**

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases.
2007  ◀ Year

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published.
Month ▶ 04  Day ▶ 09  Year ▶ 2007
Hong Kong SAR  ◀ Nation

---

**4**

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2.▼
TVBO PRODUCTION LIMITED
CANON'S COURT, 22 VICTORIA STREET,
HAMILTON HM12, BERMUDA.

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.▼
Claimant obtained all world-wide right except Hong Kong by
written agreement.

APPLICATION RECEIVED
☐ ONE DEPOSIT RECEIVED
☐ TWO DEPOSITS RECEIVED
REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8

DO NOT WRITE HERE

Page 1 of _____ pages

| EXAMINED BY | FORM PA |
| --- | --- |
| CHECKED BY | |
| ☐ CORRESPONDENCE<br>☐ Yes | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.

a.  **Preexisting Material**  Identify any preexisting work or works that this work is based on or incorporates. ▼

b.  **Material Added to This Work**  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT**  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                      Account Number ▼

**7**

**CORRESPONDENCE**  Give name and address to which correspondence about this application should be sent.    Name/Address/Apt/City/State/Zip ▼

TVB HOLDINGS (USA) INC.
15411 BLACKBURN AVE.,
NORWALK, CA 90650

PHILIP TAM, ESQ

Area Code & Telephone Number ▶ **(562) 802-8868**

Be sure to give your daytime phone number

**CERTIFICATION\***  I, the undersigned, hereby certify that I am the

Check only one ▼

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of  **TVBO PRODUCTION LIMITED**
　　　Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

KAREN P. Y. WAN                                      date ▶ – 4 JUN 2007

Handwritten signature (X) ▼

**8**

**MAIL CERTIFICATE TO**

| Name ▼<br>10/F., MAIN BLOCK, TVB CITY, 77 CHUN CHOI ST. |
| --- |
| Number/Street/Apartment Number ▼<br>TSEUNG KWAN O IND'L ESTATE |
| City/State/ZIP ▼<br>KOWLOON, HONG KONG |

Certificate will be mailed in window envelope

**YOU MUST**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $30 filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Register of Copyrights
Library of Congress
Washington, D.C. 20559

**9**

\* 17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

▲ January 1992—50,000                                      ☆U.S. GOVERNMENT PRINTING OFFICE: 1992-312-432/40,012

# FORM PA

UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

| | PA | PAU |
|---|---|---|

EFFECTIVE DATE OF REGISTRATION

| | Month | Day | Year |
|---|---|---|---|

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

Heart Of Greed – Episodes 21- 40

**PREVIOUS OR ALTERNATIVE TITLES ▼**

溏 心 風 暴

**NATURE OF THIS WORK ▼** See Instructions

MOTION PICTURE WITH CHINESE SOUNDTRACK & SUBTITLES

## 2

**NAME OF AUTHOR ▼**

a TELEVISION BROADCASTS LIMITED 電視廣播有限公司

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
[X] Yes
[ ] No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶    HONG KONG

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    [ ] Yes [X] No
Pseudonymous?    [ ] Yes [X] No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼
CO-AUTHOR OF MOTION PICTURE

**NAME OF AUTHOR ▼**

b TVBO PRODUCTION LIMITED

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
[X] Yes
[ ] No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶    BERMUDA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    [ ] Yes [X] No
Pseudonymous?    [ ] Yes [X] No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼
CO-AUTHOR OF MOTION PICTURE

**NAME OF AUTHOR ▼**

c

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    [ ] Yes [ ] No
Pseudonymous?    [ ] Yes [ ] No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by this author in which copyright is claimed. ▼

## 3

a **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
2007 ◀ Year

b **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month 05    Day 07    Year 2007
Hong Kong SAR ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2.▼

TVBO PRODUCTION LIMITED
CANON'S COURT, 22 VICTORIA STREET,
HAMILTON HM12, BERMUDA.

See instructions before completing this space

**TRANSFER** If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.▼
Claimant obtained all world-wide right except Hong Kong by
written agreement.

**APPLICATION RECEIVED**

[ ] ONE DEPOSIT RECEIVED

[ ] TWO DEPOSITS RECEIVED

**REMITTANCE NUMBER AND DATE**

DO NOT WRITE HERE OFFICE USE ONLY

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of _____ pages

| | |
|---|---|
| EXAMINED BY | FORM PA |
| CHECKED BY | |
| ☐ CORRESPONDENCE<br>Yes | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼ _____ Year of Registration ▼ _____

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.

a.  **Preexisting Material**  Identify any preexisting work or works that this work is based on or incorporates. ▼

_____

b.  **Material Added to This Work**  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

_____

See instructions
before completing
this space.

**6**

**DEPOSIT ACCOUNT**  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼ _____ Account Number ▼ _____

**7**

**CORRESPONDENCE**  Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/Zip ▼

TVB HOLDINGS (USA) INC.                                PHILIP TAM, ESQ
15411 BLACKBURN AVE.,
NORWALK, CA 90650

Area Code & Telephone Number ► **(562) 802-8868**

Be sure to
give your
daytime phone
number

**CERTIFICATION***  I, the undersigned, hereby certify that I am the

Check only one ▼

☐ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☐ authorized agent of   **TVBO PRODUCTION LIMITED**
                         Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

KAREN P. Y. WAN                                          date ► **- 4 JUN 2007**

☐ Handwritten signature (X) ▼

**8**

**MAIL CERTIFI-CATE TO**

Name ▼
10/F., MAIN BLOCK, TVB CITY, 77 CHUN CHOI ST.

Number/Street/Apartment Number ▼
TSEUNG KWAN O IND'L ESTATE

City/State/ZIP ▼
KOWLOON, HONG KONG

Certificate
will be
mailed in
window
envelope

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559

**9**

* 17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

▲ January 1992—50,000

☆U.S. GOVERNMENT PRINTING OFFICE: 1992-312-432/40,012