```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - -x   CIV-07- 8295
U2 HOME ENTERTAINMENT, INC.,                :
                                            :
            Plaintiff,                      :
                                            :
      vs.                                   :
                                            :
NEW MELODY MUSIC, INC. and KAI              :
CAN WANG                                    :
                                            :
            Defendants.                     :
                                            :
- - - - - - - - - - - - - - - - - - - - - -x
```

## HARVEY SHAPIRO AFFIRMATION

HARVEY SHAPIRO, hereby affirms and states under penalty of perjury prescribed by 28 U.S.C. § 1746:

1.   I am an active member of the bar of the State of New York and an attorney with the law firm of Sargoy, Stein, Rosen & Shapiro.  This affirmation is submitted in support of plaintiff's ex parte application for the issuance of an Order of Seizure.  The need for an Order of Seizure is particularly acute in this case because defendants John Does I through V doing business as New Melody Music, Inc. are engaged in the distribution and/or duplication of illegal copies of plaintiff's motion pictures.

2.   Plaintiff is a company engaged in, inter alia, the business of distributing theatrical motion pictures and television programs in Chinese language dialects and other Asian

languages produced in Asia for home video markets in the United States. Plaintiff distributes these copyrighted works in the form of videocassettes, laser discs, video compact discs and digital versatile discs. At all times relevant herein, plaintiff was and is the exclusive licensee for markets throughout the United States, including New York, for the distribution of certain theatrical motion pictures originally released in Asia, and of television programming originally broadcasted in Asia. A schedule of certain of the copyrighted works in which plaintiff holds exclusive rights is attached to the Complaint as Exhibit A. These works are imported by plaintiff into the United States for duplication and distribution to the home video market in the United States. (These motion pictures may hereinafter be referred to as "Plaintiff's Motion Pictures".)

3. According to the New York Department of State, New Melody Music, Inc. is a corporation duly organized and existing under the laws of New York State.

4. Kai Can Wang is an individual who owns and/or operates and/or has a financial interest and the right and ability to control the operation of the corporate defendants herein.

5. As set forth in the accompanying affidavits, defendants have distributed unauthorized copies of plaintiff's copyrighted motion pictures. The unauthorized copies distributed or offered for distribution by defendants have been

illegally duplicated and/or illegally imported into the United States; and thereafter distributed by defendants to the public in violation of plaintiff's exclusive rights under Copyright.

6.  As set forth in greater detail in the affidavit of Lynda Hung, Associate Counsel for plaintiff has exclusive distribution rights to the copyrighted motion pictures including but not limited to those titles listed in Exhibit A to the Complaint.  As such, plaintiff has the exclusive right to import copies, to duplicate copies, and to distribute copies to the public of each such motion picture.

7.  Plaintiff is irreparably damaged by the illegal duplication, importation and distribution of unauthorized copies of works for which it holds exclusive rights.  Not only are sales of legitimate copies by plaintiff supplanted by such illegal copies, but the entry of illegal copies into the stream of commerce damages plaintiff's business in its entirety.  These acts are grave treats to my client's business.

8.  As set forth in the affidavit of Judy Yang herewith, Ms. Yang visited defendants' store and purchased videodiscs that are unauthorized copies of motion pictures distributed by plaintiff.  Ms. Hung confirmed that the copies Ms. Yang purchased are unauthorized copies in that they are illegally duplicated copies.  In addition to the copies purchased, Ms. Yang was able to determine that approximately 60 unauthorized copies of Plaintiff's Motion Pictures were in defendants' retail

3

store available for distribution. Each of these discs has approximately 10 episodes of a television series on each disc for a total of 1,000 episodes infringed.

9. It is evident from Ms. Hung's affidavit in support of this application, that the unauthorized copies distributed by defendants are easily identified as such because they have hand written on the discs, lack a professional appearance and lack plaintiffs trademarks, labeling, tradenames, copyright notices or copyright warnings.

10. This is not the first time plaintiff has sued the herein defendants for copyright and trademark infringement. In 2004, plaintiff instituted the action, <u>U2 Home Entertainment, Inc. v. Super Melody Music, Inc., New Melody Music Inc., Zue Jai Chen and Kai Can Wang</u>, 04-Civ-6140(WHP). In that lawsuit, an Order of Seizure was issued and approximately 6,457 unauthorized discs and related equipment used to manufacture such unauthorized copies were seized. Defendants defaulted and plaintiff was awarded $92,250.00, which amount still remains outstanding and unsatisfied. Further, the Court issued a permanent injunction enjoining defendants from infringing plaintiff's copyrights and trademarks. A copy of this injunction is hereto attached as Exhibit 1. Again in 2006, plaintiffs instituted the action <u>U2 Home Entertainment Inc. v. Music Depot Inc., New Melody Music, Inc., Ting Chen, Kai Z. Wang and Kai Can Wang</u>, 06-Civ-5241(BSJ)(GWG). In this case as well,

an Order of Seizure was issued and approximately 1,762 discs were seized. On September 11, 2007, plaintiff was awarded $687,000.00 on default, which amount remains outstanding and unsatisfied. Therefore, defendants are clearly aware of their legal obligations.

11. In order to stop this illegal and willful infringement of Plaintiff's Motion Pictures, it is requested that an Order of Seizure be issued allowing the United States Marshal to seize the illegally duplicated and/or illegally imported copies of Plaintiff's Motion Pictures. If at the time of the seizure it is determined the defendants are duplicating copies of Plaintiff's Motion Pictures, the proposed Order provides that any equipment being used by defendants to duplicate those copies is also subject to seizure. Plaintiff respectfully requests that an Order of Seizure be issued without notice to defendants and that the case file be sealed temporarily because, if notice is given, plaintiff will be denied meaningful relief because videocassettes and videodiscs are small, lightweight and easily portable. Further, dealers in unauthorized copes are well aware of the legal consequences of their actions, since 1) warnings of the civil and criminal penalties for copyright infringement appear prominently on the genuine copies; and 2) plaintiff's enforcement activities are well publicized.

12. The affidavit of Ms. Yang estimates that approximately 60 videodiscs may be subject to seizure. Therefore, a bond of

$10,000 is suggested, substantially more than twice the value of the items expected to be seized.

13. In accordance with 17 U.S.C. §503 and Rule 65 of the Federal Rules of Civil Procedure, plaintiff will post a bond in such sum as the Court deems proper for the payment of costs and damages which may be incurred or suffered by defendants if it is found that the Order of Seizure was wrongfully issued. If a larger number of illegal copies are found than what is anticipated, plaintiff will post whatever additional bond the Court deems appropriate.

14. Wherefore, it is respectfully requested that this Court, without notice to the defendants, issue an Order for Seizure and impoundment to be executed by the United States Marshal pursuant to 17 U.S.C. § 503, 15 U.S.C. § 1116(d) and Rule 65 of the Federal Rules of Civil Procedure; approve a bond in the amount of $10,000; and order the file in this case sealed temporarily.

15. No previous application for similar relief has been made.

Dated: New York, New York

_Sept 17_, 2007

_____
Harvey Shapiro

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - -x   04-CIV-06140 (WHP)
U2 HOME ENTERTAINMENT, INC.,

        Plaintiff,

    vs.

SUPER MELODY MUSIC, INC.
NEW MELODY MUSIC, INC.
XUE JIAO CHEN and KAI CAN WANG,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - -x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/28/04
```

## DEFAULT JUDGMENT
## AND PERMANENT INJUNCTION

    This action having commenced on August 9, 2004 with the filing of a Summons and Complaint. On August 14, 2004, a copy of the Summons and Complaint was served on defendants Super Melody Music, Inc., New Melody Music, Inc., Xue Jiao Chen, and Kai Can Wang, and proof of such service has been filed. On September 13, 2004, to ensure that defendants received notice, a copy of the Summons and Complaint was again served on defendants New Melody Music, Inc. and Kai Can Wang, and proof of such service has been filed. The defendants not having answered or moved with respect to the Complaint; and the time for answering having expired; and a default having been entered by the Clerk of this Court, it is

    ORDERED, ADJUDGED AND DECREED, that defendants, Super Melody Music, Inc., New Melody Music, Inc., Xue Jiao Chen, and Kai Can Wang, their employees, agents, and those acting in concert with them, are permanently enjoined from:

    1.    Further infringing the copyrighted motion pictures for

which plaintiff owns exclusive distribution rights (hereinafter referred to as "the Plaintiff's Motion Pictures"), 1) by importing, duplicating, manufacturing, or otherwise copying any videocassette or videodisc copies of Plaintiff's Motion Pictures; or 2) by renting, selling, leasing, lending or otherwise distributing unauthorized copies of the Plaintiff's Motion Pictures;

2. Further using the names of the plaintiff's motion pictures or the trademarks, trade names, logos, or corporate names of the plaintiff in connection with videocassettes in any manner which is likely to cause confusion or mistake or deception in connection with the distribution, advertising, promotion and sale of copies of the plaintiff's motion pictures; and it is further

ORDERED, ADJUDGED AND DECREED, that plaintiff be awarded statutory damages pursuant to 17 U.S.C. §504(c) in the amount of $ 92,250.00; and it is further

ORDERED, ADJUDGED AND DECREED, that the award of statutory damages shall accrue interest pursuant to 28 U.S.C. §1961;

ORDERED that the seized materials be forfeited to plaintiff for destruction or other disposition; and

ORDERED that the bond posted by plaintiff be vacated.

Dated: New York, New York
       December 28, 2004

                                    _____
                                    United States District Judge