The undersigned being first sworn, deposed and say the following, subject to penalties of perjury:

1. My name is LYNDA HUNG. I am an attorney at law licensed by the State Bar of California. I am employed as Associate Counsel by Plaintiff U2 HOME ENTERTAINMENT, INC. a California corporation doing business as TAI SENG ENTERTAINMENT ("Tai Seng") and NEW IMAGE AUDIO & VIDEO ("New Image").

2. The facts set forth in my Affidavit are known personally by me to be true and correct, or are based on my diligent review of the books and records of Plaintiff, and if called upon as a witness, I could and would competently testify thereto.

3. My responsibilities as Associate Counsel to Plaintiff include the supervision of a copyright protection and enforcement program on a national basis. My duties include the supervision of field investigations, review of evidence obtained and directing copyright infringement actions.

4. I have been actively engaged in such copyright enforcement efforts in the Asian home video industry.

<u>The Century Copyrighted Programs & TVB Copyrighted Programs</u>

5. Century is a division of Plaintiff which has obtained exclusive authority from Chinese language motion picture and television productions and distribution companies in Hong Kong SAR and countries in Asia, and pursuant to that authority distributes the motion pictures and television programs (the Century Copyrighted Programs") in the from of video cassettes, video compact discs ("VCDs") and digital video discs ("DVDs") in the United States.

6. Century is the sole and exclusive United States licensee of the Century Copyrighted Programs including the distribution right of VCDs and DVDs of those programs. I am familiar with Plaintiff's licenses, some of which cover specific titles, and some are "blanket" licenses that cover the entire output of specific companies for specified periods of time. Attached to the Complaint in the present action is a true and

correct list of the Century Copyrighted Programs, which are currently registered, or pending registration in the United States Copyright Office. Century is either the registrant or assignee of these registrations.

7. Tai Seng and New Image are divisions of Plaintiff which distribute audio-visual programming (the "TVB Copyrighted Programs") on videocassettes ("VHS"), video compact disc ("VCD") and digital versatile disc ("DVD") to Asian communities throughout the United States. The programs were originally produced and released on television by TELEVISION BROADCASTS LTD. ("TVB") of Hong Kong. Plaintiff is the sole and exclusive licensee of rental rights of the TVB Copyrighted Programs for home video cassette rental and video disc in the Chinese language version within 45 states of the United States of America, including the State of New York.

8. The TVB Copyrighted Programs generally consist of multiple-episode programs in the nature of a television serial or television series. The initial episode of each TVB Copyrighted Program establishes such elements as title, characters, relationships, costumes, setting and story lines. Once established in the initial episode, these elements are repeated in all subsequent episodes of the same TVB Copyrighted Program.

9. Attached to the Complaint is a true and correct list of the current TVB Copyrighted Programs. Plaintiff continually distributes new and additional programs as new episodes of the TVB Copyrighted Programs are released. Plaintiff looks to the original licensor of the TVB Copyrighted Programs for registration in the United States Copyright Office. The original licensor has registered or has applied for registration of some or all of the episodes of each of the TVB Copyrighted Programs.

10. New episodes or series of the TVB Copyrighted Programs are distributed by Plaintiff in the VHS and DVD formats under formal written sublicense agreements to video rental outlets. These new VHS and DVD releases are leased to video outlets for distribution by rental only to customers and not for sale. Plaintiff also distributes by sale,

old releases of the TVB Copyrighted Programs in the VCD format as sell-through products to retailers and consumers.

11. All of Plaintiff's tape and disc Trademark registration number] products are marketed and labeled under Plaintiff's trade name and trademark, TAI SENG ENTERTAINMENT with registration number 2894529 with the registration date of October 19, 2004. Plaintiff's trademark consists of a stylized gold circle with the Chinese characters for "TAI SENG" ("Tai Seng Mark"). The "Tai Seng Mark" is reproduced on gold foil stickers which are applied to Plaintiff's imported disc products or with the Tai Seng Mark printed directly on to the paper sleeve for the disc covers on discs manufactured by plaintiff. The purpose of the stickers and printed sleeves is to identify Plaintiff as the source of the products as well as to distinguish between Plaintiff's authorized imported discs and unauthorized discs.

### Defendant NEW MELODY MUSIC

12. Plaintiff adopts a proactive approach to defending its contractual rights as exclusive licensee and maintains an active enforcement program aimed at containing piracy in the videocassette and disc sale/rental market. Plaintiff requested the assistance of JUDY YANG, a private investigator employed by Plaintiff familiar with the video piracy and bootlegging activities to visit various video and disc sale and rental businesses in the metropolitan New York area to determine whether unauthorized tapes and/or discs were being trafficked. She purchased various DVD title from Defendants NEW MELODY MUSIC as detailed below. *See also* Affidavit of JUDY YANG.

13. I have reviewed each of the DVDs purchased by the Investigator from the Defendants and confirm that all of the discs are, without exception, unauthorized copies of Plaintiff's titles based on the following observations and reasons.

14. One title was purchased from this location: "HEART OF GREED" (Episodes 1-40).

14.1 "HEART OF GREED" (Episodes 1-40) is a Century Copyrighted Title. There was no printed packaging for these discs. The suspect discs are housed in plastic

compact discs envelopes and stapled together. The Chinese title, episodes numbers, and an indication of the letter "C" are handwritten in blue ink on each disc. Disc one consisted of episodes 1-10; disc two; 11-20, disc three; 21-30; and disc four 31-40. Plaintiff's authentic discs consist of high quality DVDs containing only two episodes per disc. None of the Plaintiff's trademarks, labeling, copyrights notices, copyright warnings or other artwork was printed on the face of the suspect discs.

I viewed the discs on a DVD player and confirmed that the programming was same as Plaintiff's title dubbed in Cantonese with Chinese subtitles. Neither the producer's usual opening segments of trademark display, copyright warning nor the copyright notice appeared on screen. Instead, a banner notice across the bottom is a want ad for "TVB-TV Rippers", ie for people who would download TVB programs and distribute the content illegally. The picture and sound quality was poor. I confirmed that the suspect discs were pirated copies. True and correct copies of the packaging and the suspect discs of this title are attached herein as Exhibits 1-3.

### Injury to Plaintiff

15. Plaintiff's distribution of the TVB Copyrighted Programs is in the form of leasing VHS and DVD copies of new releases to authorized sublicensees and the sale of VCD copies of the older releases. Defendants is selling imported DVD copies of new TVB Program releases which are available from Plaintiff only through rental. They are not for sale. The availability of cheap imported copies of Plaintiff's programs undercuts and threatens to destroy the market for authorized VHS and DVD copies for Plaintiff and Plaintiff's video rental store sublicensees. Plaintiff never authorized Defendants to import or otherwise distribute the TVB Copyrighted Programs from China.

16. Plaintiff also suffers severe and irreparable injury because the public is being misled as to the source and origin of the video discs which Defendants is importing and selling. These activities undercuts Plaintiff's ability to lease or sell and distribute it's authorized content to video stores as well as undercuts Plaintiff's customers and retailers from selling or renting the legitimate discs to consumers.

## Necessity For Ex Parte Proceedings & Writ of Seizure

17.    If notice of this action were given, the Defendants would likely conceal or destroy any unauthorized and infringing inventory. Defendants have failed to observe the terms of the permanent injunction against carrying and distributing unauthorized copies of Plaintiff's products.  I have observed on several occasions where defendants would telephone and alert other defendants during a seizure, prompting the removal and concealment of infringing articles and evidence, causing even greater injury to Plaintiff. Also, given the relative small size of a VCD, similar to a music compact disc, the items can be easily removed and concealed.  For these reasons, disclosure of the present action to the Defendants prior to a seizure is certain to result in the removal, concealment or destruction of the infringing materials.  Accordingly, the only real relief available to Plaintiff is a seizure order pursuant to *ex parte* proceedings.  The estimated value of each infringing DVD is $0.50.

Executed this 4 day of September, 2007 in South San Francisco, California.

_____
LYNDA HUNG

SUBSCRIBED AND SWORN TO BEFORE ME on the 4 day of Sept, 2007.

_____
Notary Public in and for The State of CALIFORNIA

MICHAEL JOHN SCARDINO
Commission # 1596034
Notary Public - California
San Mateo County
My Comm. Expires Aug 17, 2009



**EXHIBIT 1 TO LYNDA HUNG'S AFFIDAVIT**



**EXHIBIT 2 TO LYNDA HUNG'S AFFIDAVIT**



**EXHIBIT 3 TO LYNDA HUNG'S AFFIDAVIT**