UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -x    07-CIV-*8295*

U2 HOME ENTERTAINMENT, INC.,                 :
                                             :
                Plaintiff,                   :
                                             :
        vs.                                  :
                                             :
NEW MELODY MUSIC, INC. and KAI               :
CAN WANG                                     :
                                             :
                Defendants.                  :
                                             :
- - - - - - - - - - - - - - - - - - - -x

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS APPLICATION
FOR AN ORDER OF SEIZURE AND IMPOUNDMENT AND
MOTION FOR TEMPORARY SEALING OF THE COURT FILE

TABLE OF CONTENTS

Page

Preliminary Statement.........................................

Statement of Facts...........................................

Argument.....................................................

I.    An Ex Parte Order of Seizure and Impoundment
      Should Be Granted.......................................

      A.   Plaintiff is Likely to Prevail on the
           Merits of Its Copyright Infringement Claims........

      B.   Plaintiff Will Be Denied Meaningful Relief
           If Impoundment Is Not Ordered At This Time.........

      C.   On Numerous Occasions, Courts Have Granted
           Plaintiff's Applications for Orders of Seizure.....

      D.   Impoundment May Also Be Appropriate Under the
           Lanham Act.........................................

II.   Justice Will Be Best Served By An Order Temporarily
      Sealing The Court File In This Case....................

Conclusion...................................................

## PRELIMINARY STATEMENT

This is a copyright infringement action involving the infringing distribution of illegally duplicated and/or illegally imported videodiscs of copyrighted motion pictures in violation of plaintiff's exclusive rights under the Copyright Act and the Lanham Trademark Act.

Plaintiff U2 Home Entertainment, Inc. is a California corporation doing business as Century Home Entertainment, New Image Audio & Video and Tai Seng Video Marketing.  Plaintiff has obtained exclusive authority from Asian language theatrical motion picture production and distribution companies and television program owners in Asia to distribute their works. All of the motion pictures at issue herein are registered under the United States Copyright Act or have applications for copyright registration pending; or are protected under international copyright conventions.  Also, these works are protected under the Lanham Act since legitimate copies bear federally registered trademarks and tradenames.  Pursuant to that authority, plaintiff imports, manufactures or authorizes the manufacture of the motion pictures in videocassette, laser disc, video compact disc ("VCDs") and digital versatile disc ("DVDs") formats and distributes these authorized copies in Asian-American communities throughout the United States, including New York.  Plaintiff owns exclusive distribution

rights for each of the motion pictures listed in Exhibit A to the Complaint, which exhibit is also attached to the proposed Order of Seizure. (Hereinafter referred to as "Plaintiff's Motion Pictures").

Defendants New Melody Music, Inc. and Kai Can Wang operate a retail video store at 24 East Broadway, Street Level, New York, New York 10002. Plaintiff has never granted to defendants the right to import, reproduce or to distribute unauthorized videocassettes or videodiscs of Plaintiff's Motion Pictures. Nonetheless, as the affidavits accompanying this application demonstrate, defendants have distributed and/or duplicated unauthorized copies of Plaintiff's Motion Pictures. Defendants' conduct violates plaintiff's exclusive rights under Section 106 of the Copyright Act of 1976, 17 U.S.C. §106(1) and §106(3).

An Order of Seizure is particularly warranted here as defendants were previously sued on two different occasions by plaintiff herein for copyright and trademark infringement and subject to a permanent injunction.

As a result of this unlawful and infringing activity, plaintiff is being irreparably injured. Indeed, it is well-established that irreparable injury is presumed when a copyright or trademark is infringed. Even if irreparable injury is not presumed plaintiff, in fact, is irreparably injured by defendants' copyright infringement.

In view of the defendants' clear violation of plaintiff's rights under the copyright laws, 17 U.S.C. §503 and Rule 65(f) of the Federal Rules of Civil Procedure authorize the immediate seizure from defendants and impoundment of unauthorized copies of plaintiff's copyrighted motion pictures.

It is crucial in this case that the Order of Seizure be granted without notice to defendants because of the ease with which defendants could, if notified of this application, dispose of the unauthorized copies and equipment used for their manufacture. Proceeding without notice will limit the risk that defendants will attempt to destroy, remove or hide the infringing copies and the equipment that may have been used to produce them before they can be seized or impounded.

In order to insure that defendants do not receive prior notice of this application, plaintiff seeks an order temporarily sealing the Court file in this case.

An investigation of defendants' store conducted by plaintiff establishes that defendants are selling unauthorized copies of Plaintiff's Motion Pictures. Plaintiff's investigator purchased unauthorized discs from defendants' store. The copies appear to be illegally duplicated copies of plaintiff's copyrighted works. Defendants may also be distributing unauthorized parallel imports, meaning defendants imported copies of these movies from overseas without the permission of

plaintiff, the exclusive distribution/importation rights holder. The ex parte seizure order provides for the impoundment of unauthorized imports and illegally duplicated copies, as well as any equipment being used to manufacture such illegally duplicated copies.

## STATEMENT OF FACTS

The following is a summary of the facts relevant to this motion, which are fully set forth in the accompanying affidavits of Judy Yang and Lynda Hung.

As stated above, plaintiff has obtained the exclusive rights from Asian language theatrical motion picture and television program production and distribution companies located in Asian countries to manufacture and distribute copyrighted motion pictures in the United States. Attached to the Complaint in this action as Exhibit A is a non-exhaustive list of copyrighted motion pictures which are currently registered or awaiting registration in the United States Copyright office, and/or are protected under international copyright conventions. Plaintiff is the exclusive licensee of these copyrighted works.

Defendants have engaged in video piracy.  As set forth in the affidavits of Ms. Yang and Ms. Hung submitted in support of this application for a seizure order, defendants are engaged in the distribution of videodiscs that appear to be illegally

imported videodiscs of Plaintiff's Motion Pictures. These are easily identified as such since they have a professional appearance but do not bear any of plaintiff's trademarks or tradenames. In addition to their distribution of illegally imported copies, defendants may also be selling illegally duplicated copies. These illegal videodiscs are easily identified as such, since they have sticker labels, lack a professional appearance and lack plaintiff's trademarks, labeling, copyright notices or copyright warnings.

Plaintiff does not know whether defendants imported these illegal discs, duplicated them or whether the defendants acquired them from a third party. If in the course of the proposed seizure the United States Marshal determines that defendants are engaged in illegal duplication, the proposed order provides for the seizure of the duplicating equipment. This is not the first time plaintiffs have sued defendants for copyright and trademark infringement.

This is not the first time plaintiff has sued the herein defendants for copyright and trademark infringement. In 2004, plaintiff instituted the action, U2 Home Entertainment, Inc. v. Super Melody Music, Inc., New Melody Music Inc., Zue Jai Chen and Kai Can Wang, 04-Civ-6140(WHP). In that lawsuit, an Order of Seizure was issued and approximately 6,457 unauthorized discs and related equipment used to manufacture such unauthorized

copies were seized. Defendants defaulted and plaintiff was awarded $92,250.00, which amount still remains outstanding and unsatisfied. Further, the Court issued a permanent injunction enjoining defendants from infringing plaintiff's copyrights and trademarks. A copy of this injunction is hereto attached as Exhibit 1. Also, in 2006, plaintiffs instituted the action U2 Home Entertainment Inc. v. Music Depot Inc., New Melody Music, Inc., Ting Chen, Kai Z. Wang and Kai Can Wang, 06-Civ-5241(BSJ)(GWG). In this case as well, an Order of Seizure was issued and approximately 1,762 discs were seized. On September 11, 2007, plaintiff was awarded $687,000.00, *on default* which amount remains outstanding and unsatisfied. Defendants now appear to be in violation of that injunction.

**ARGUMENT**

I.    AN EX PARTE ORDER OF SEIZURE AND IMPOUNDMENT
      SHOULD BE GRANTED.

      Section 503(a) of the Copyright Act provides for the impoundment of infringing materials in copyright infringement actions as follows:

> At any time while an action under this title
> is pending, the court may order the
> impounding, on such terms as it may deem
> reasonable, of all copies or phonorecords
> claimed to have been made or used in
> violation of the copyright owner's exclusive
> rights, and of all plates, molds, matrices,
> masters, tapes, film negatives, or other
> articles by means of which such copies or
> phonorecords may be reproduced.

The decision to issue an impoundment order has long been held to be within the discretion of the court; the statute provides no standard to apply. _Martin Luther King, Jr. Center For Social Change, Inc. v. American Heritage Products, Inc._, 508 F. Supp. 854 (N.D.Ga. 1981), _rev'd on other grounds_, 694 F.2d 674 (11th Cir. 1983). As demonstrated below, plaintiff has established a _prima facie_ case of copyright infringement and is likely to succeed on the merits of its copyright claims. Unless an _ex parte_ order of seizure and impoundment is issued, plaintiff will be denied meaningful relief.

Rule 65 was amended in 2001 to add a section (f) which provides:

> "(f) Copyright Impoundment. This rule applies to copyright impoundment proceedings."

The Advisory Committee Notes accompanying this revision state that this provision was added in conjunction with the abrogation of the antiquated Copyright Rules of Practice of 1909, which may no longer satisfy current due process requirements. The Notes also stated that:

> "…courts have provided clear illustrations of the kinds of showings that support ex parte relief. See _Matter of Vuitton et Fils S.A._, 606 F.2d 1 (2d Cir. 1979); _Vuitton v. White_, 945 F.2d 569 (3d Cir. 1991)."

In _Matter of Vuitton_, supra, plaintiff petitioned for a writ of mandamus instructing the district court to issue an ex

parte seizure order.  In granting the petition, the Second Circuit held that in trademark actions where the goods are nearly identical to legitimate goods, irreparable injury exists and notice should not be required, since to do so would "serve only to render fruitless further prosecution of this action." Id. at 4-5.

In Vuitton v. White, supra, the Third Circuit held that the district court's refusal to grant a seizure order to be an abuse of discretion.  (In the time between these two decisions, Congress passed the seizure provisions of the Trademark Counterfeiting Act of 1984 that set forth specific statutory authority and procedure for obtaining seizure orders, 15 U.S.C. 1116(d)).

Under the standards set by these two decisions, it is clear that in cases where the infringing goods are nearly identical to legitimate goods, ex parte seizure orders are appropriate.

A.   Plaintiff is Likely to Prevail on the
     Merits of Its Copyright Infringement Claims.

To establish a prima facie case of copyright infringement and thus show probable success on the merits of its claims, plaintiff must show that (1) it owns exclusive rights under valid copyrights in the motion pictures listed in Exhibit A to the Complaint, and (2) defendants violated one of the exclusive rights granted plaintiff in 17 U.S.C. §106 by copying or

9

distributing plaintiff's copyrighted motion pictures without authorization.  See, for example, Hasbro Bradley, Inc. v. Sparkle Toys, Inc., 780 F.2d 189, 192 (2d Cir. 1985);and Novelty Textile Mills, Inc. v. Joan Fabrics Corp., 558 F.2d 1090, 1092 (2d Cir. 1977).

The Copyright Act provides that the certificate of copyright registration "shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."  17 U.S.C. § 410(c).  See Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); Iris Arc v. S.S. Sarna, Inc., 229 U.S.P.Q. 25, 27 (E.D.N.Y. 1985).  Attached to the Complaint are photocopies of the copyright registration certificates or applications therefor for each motion picture recently purchased from defendants. Further, Ms. Hung states in his affidavit that plaintiff is the exclusive distributor of these copyrighted works.  Plaintiff thereby establishes prima facie ownership of copyright, the first element of plaintiff's copyright infringement claims.

Moreover, there can be no doubt that plaintiff will be able to prove that defendants illegally distributed videodiscs without authorization, and thus will succeed on the second element of its copyright claims.  As the affidavits of Ms. Yang and Ms. Hung make plain, the videodiscs distributed by defendants are illegally duplicated copies of plaintiff's works.

Defendants have thus infringed plaintiff's copyrights by distributing plaintiff's copyrighted motion pictures in violation of 17 U.S.C. §106(3).

Defendants may also be distributing illegally imported copies as well. As the exclusive rights holder, plaintiff has the right to ban such unauthorized imported copies into the United States. As the United States Supreme Court has recognized the distribution right set forth in section 106(3) is in essence "a distinct statutory right . . . to control the first public distribution of an authorized copy" of a copyrighted work. Harper & Row Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 552 (1985) (quoting 1976 House Report). The holder of the exclusive right of distribution in the United States has the right to bar the importation of the importation of copies of the work manufactured abroad under 17 U.S.C. §602. As stated in Quality King Distributors v. L'Anza Research International, Inc. 523 U.S. 135, 148 (1998):

> Even in the absence of a market allocation
> agreement between, for example, a publisher
> of the United States edition and a publisher
> of the British of the same work, each such
> publisher could make lawful copies. If the
> author of the work gave he exclusive United
> States distribution rights-enforceable under
> the Act-to the publisher of the United
> States edition and the exclusive British
> edition rights to the publisher of the
> British edition, [FN20] however, presumably
> only those made by the publisher of the
> United States edition would be "lawfully
> made under this title" within the meaning of

§109(a).  The first sale doctrine would not
provide the publisher of the British edition
who decided to sell in the American market
with a defense to an action under§602(a)
(or, for that matter, to an action under
§106(3), if there is a distribution of
copies).

Since Quality King there have been numerous decisions

upholding the right of a United States exclusive rights holder

to bar the importation of goods manufactured abroad.

In U2 Home Entertainment, Inc. v. Lai Ying Music & Video

Trading, Inc. and Wei Ping Yuan, 2005 U.S. Dist. LEXIS 9853

(S.D.N.Y. May 25, 2005) aff'd in relevant part 2007 U.S. App.

LEXIS 8650 (April 9, 2007), the court upheld plaintiff's right

to stop the unauthorized importation of its motion pictures into

the United States. (It should be noted that the plaintiff in Lai

Ying, is U2 Home Entertainment Inc., the same plaintiff in the

current case.)  As in this case, Lai Ying imported Plaintiff's

Motion Pictures into the United States without the authorization

of U2 Home.  The Court stated that "the importation of copies

into the United States of a work manufactured in a foreign

country can form the basis for a copyright infringement claim by

an exclusive licensed U.S. distributor without regard to the

first sale doctrine." Id. at *4.  See also, U2 Home

Entertainment, Inc v. Rolling Rock Music Corp., 2005 WL 2414351

(S.D.N.Y. September 30, 2005), adopting the Lai Ying court's

reasoning in a similar copyright infringement seizure case.

In UMG Recordings Inc. v. Norwalk Distributors Inc., 68
U.S.P.Q.2d 1635 (C.D. Calif. March 13, 2003), the court, in
denying a motion to dismiss the claim, upheld the right of a
phonorecords company to stop the unauthorized importation of its
records that were produced in foreign countries.  In this case,
the defendant without authorization imported and distributed
phonorecords.  The court states that "Quality King establishes
that where products are manufactured in the United States,
exported by the manufacturer, sold in a foreign market, and
subsequently reimported to the United States, the first sale
doctrine applies."  Id. at 1638.  The court went on to
distinguish this case by stating that "the critical distinction,
however, between the present case and Quality King is that the
phonorecords imported in this case were produced in a foreign
country."  Id.  The Court refused to apply the first sale
doctrine and denied the motion to dismiss the case thus
permitting the copyright infringement claim to proceed.  See
also, Lingo Corp v. Topix, Inc., 2003 WL 223454 (S.D.N.Y. Jan.
31, 2003).

On the basis of the facts present there can be no doubt
that plaintiff will prevail on the merits of its copyright
infringement claims.


B.   Plaintiff Will Be Denied Meaningful Relief If
     Impoundment Is Not Ordered At This Time.


13

The House Report on the Copyright Act states that §503(a) permits "seizures of articles alleged to be infringing as soon as suit has been filed and without waiting for an injunction." H.Rep. No. 94-1476, 94th Cong., 2d Sess. 160 (1976).

The accompanying affidavits establish that defendants have illegally distributed copies in blatant infringement of plaintiff's rights under the Copyright Act.  The affidavits further establish that defendants have in its possession or control other illegal copies which infringe plaintiff's rights. All such copies are subject to seizure and impoundment.

A presumption of irreparable harm arises when plaintiff establishes, as it has in this case, a prima facie case of copyright infringement.  Apple Computer Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1254 (3rd Cir. 1983), cert. denied, 464 U.S. 1033 (1984); 3 M.B. Nimmer and D. Nimmer, Nimmer On Copyright § 14.06 [A]. "In copyright cases ... if probable success - a prima facie case of copyright infringement - can be shown, the allegations of irreparable injury need not be detailed, because such injury can normally be presumed when a copyright is infringed." and Wainwright Securities, Inc. v. Wall Street Transcript Corp., 558 F.2d 91, 94 (2d Cir. 1977), cert. denied, 434 U.S. 1014 (1978).

Even without this presumption, however, it is obvious that plaintiff has been caused irreparable harm as a result of

defendants' copyright infringements.  The defendants'
unauthorized distribution of plaintiff's copyrighted works have
usurped plaintiff's right to reproduce and distribute, and to
authorize the reproduction and distribution of, its copyrighted
works pursuant to 17 U.S.C. §§106(1) and (3).

Additionally, production and distribution of motion
pictures require a substantial investment by plaintiff's
licensors.  Unauthorized reproductions and rentals or sales of
illegal copies of those pictures limit the ability of motion
picture producers to recoup their enormous original investment.

Ex parte seizure is not only characteristic of, but
mandated in piracy actions such as this, where the defendant has
chosen the easy course of duplicating copyrighted product or
distributing unauthorized copies.  An ex parte order is
necessary because, as recognized in In re Vuitton et Fils, S.A.,
606 F.2d 1, 4-5 (2d Cir. 1979) and its progeny, proceedings
against those who deliberately traffic in infringing merchandise
are often rendered useless if notice is given to the infringers
before impoundment relief can be granted.  The illegal
videocassettes and/or videodiscs in the possession of defendants
are small, light weight, and thus are easily transported.
Similarly, videocassette and videodisc recorders can easily be
packed and moved.  If defendants are notified of this
application, these videodiscs, videocassettes and recorders will

undoubtedly be disposed of, transported or concealed.

C.   On Numerous Occasions, Courts Have Granted Plaintiff's
     Applications for Orders of Seizure.

Plaintiff and plaintiff's predecessor in interest have
obtained orders of seizure and other relief in similar cases. In
Century Home Entertainment Inc. v. Laser Beat., et al., 30
U.S.P.Q. 2d 1811, 1812 (E.D.N.Y. 1994), Judge Sterling Johnson
stated that in video piracy cases such as this present action:

> "It is the norm in this district that where a danger
> of destruction or hiding of the evidence exists to
> grant ex parte orders of seizure."

Century Home Entertainment is plaintiff's predecessor in
interest.

In addition to the precedent cited above, courts have
issued decisions confirming orders of seizure issued on U2 Home
Entertainment, Inc.'s ex parte application. See, U2 Home
Entertainment, Inc. v. Bowery Music City, Inc., 2003 WL 22889738
(S.D.N.Y. December 8, 2003).

Orders of Seizure have also been issued for plaintiff in
the following cases in New York federal courts: U2 Home
Entertainment, Inc. v. Gao Sheng Music, Inc. Civ-06-5035
(RDJ)(RO) (E.D.N.Y. 09/15/06); U2 Home Entertainment, Inc. v.
Rong Chen and John Does I through V doing business as "Rainbow
Disc, Inc." 06-Civ-5036 (RDJ)(RO) (E.D.N.Y. 09/15/06); U2 Home
Entertainment, Inc. v. Far East Wireless, Co., Inc. and "John
Does I through V" 06-Civ-5242 (LTS) (S.D.N.Y. 07/10/06); U2 Home

Entertainment, Inc. v. Fu Shun Wang and "John Does III through V" doing business as "Gai Fat Rentals"; Li Xin DVD Rental Inc. and Jia Li VCD Rental Inc, also doing business as "Gai Fat Rentals" 06-Civ-3342 (AAR)(RER) (E.D.N.Y. 07/10/06); U2 Home Entertainment Inc., v. On Kam Moi and Lisa Yeung doing business as "Peace Video Inc.", 05-Civ-4823 (ARR)(VVP) (E.D.N.Y. 10/12/05); U2 Home Entertainment Inc., v. Wonder Forever International Group, Inc. and Jie Xhao, 05-Civ-4821 (JG)(KAM) (E.D.N.Y. 10/12/05); U2 Home Entertainment Inc., v. John Does I through V, doing business as "Mysohoo Group Inc.", 05-Civ-4822 (DGT)(RML) (E.D.N.Y 10/11/05). Copies of the orders entered in these and other cases are available upon request.

Plaintiff has suggested that it post a bond in the amount of $10,000, more than twice the value of items expected to be seized from defendants. Thus defendants are adequately protected in the event it is determined at a future time that the relief sought by plaintiff was improperly granted.

D.   Impoundment May Also Be Appropriate Under the Lanham Act.

Although the unauthorized copies purchased from defendants which have been described in support of this application were not found to bear plaintiff's trademarks or tradenames, there may be unauthorized copies in defendants' store that bear plaintiff's trademarks and tradenames. Impoundment of such

copies would also be appropriate under the Lanham Act, 15 U.S.C. 1116(d).  See the Third Cause of Action of the Complaint; Matter of Vuitton et Fils S.A., supra; Vuitton v. White, supra.

II.   JUSTICE WILL BE BEST SERVED BY AN ORDER
      TEMPORARILY SEALING THE COURT FILE IN THIS CASE.

An order temporarily sealing the court file is wholly consistent with the expedited nature of these proceedings and the extraordinary relief requested by plaintiff.  If the identity of the parties and the nature of the relief sought by plaintiff are publicized, the Court may be denied the opportunity of granting effective relief.  The nature and size of the infringing products are such that defendants can rapidly and easily move, destroy, or conceal them.

It is beyond question that this Court has discretion to control and seal files and records in its possession.  Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). See Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978); Nixon v. Sirica, 487 F.2d 700, 721 (D.C. Cir. 1973). Plaintiff anticipates that the Order in this action will be executed promptly that sealing of the file will be necessary for a short time.  Thus, restrictions on the Court Clerk and public access to these records will be minimal.  Any such minimal potential restrictions are far outweighed by the need, recognized in the Copyright Act and the Fed.R.Civ.P. Rule 65(f),

.for seizure and impoundment without notice.

Similar orders sealing the case file were issued in the cases listed on pages 16 through 17.

Accordingly, plaintiff respectfully requests that the Court issue an order temporarily sealing the file in this case for the purpose of promoting justice and enforcement of its orders.

**CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that the Court grant its application for:  1) seizure and impoundment of defendants' infringing copies and devices which can reproduce infringing motion pictures copyrighted by plaintiff; 2) approval of the bond in the amount of $10,000; and 3) temporary sealing of the Court file.


Dated: ___9/17___ , 2007        **SARGOY, STEIN, ROSEN & SHAPIRO**

                          By:_____
                             Harvey Shapiro
                             1790 Broadway, 14th Floor
                             New York, New York 10019
                             ATTORNEYS FOR PLAINTIFF
                             (212) 621-8224